Joseph Lee Nemelka - No. 6620
Attorney at Law
JOSEPH LEE NEMELKA, P.C.
6806 South 1300 East
Salt Lake City, Utah 84121
Telephone (801) 568-9191
Facsimile (801) 568-9196
Email joenemelka@comcast.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE TENTH DISTRICT, STATE OF UTAH

| | |
|---|---|
| FILTAGREEN INTERNATIONAL, INC., DENTON E. THIEDE, AND CHRISTOPHER M. NEMELKA, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRY DSCHAAK, GODADDY.COM, CHRISTINE MARIE MELONAKOS-KATAS, KANDICE MELONAKOS aka LOLA BLANC, JOHN DOES 1-10, <br><br> Defendants. | **AMENDED** **COMPLAINT** <br><br><br> Case No. 2:16-CV-00790 <br><br> Honorable Dustin B. Pead |

Plaintiffs, Filtagreen International, Denton M. Thiede, and Christopher M. Nemelka, for cause of action against Defendants, hereby allege and aver as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under 15 U.S.C.A. Section 1125(a), as amended, and the

statutory and common law of the State of Utah.

2. This court has subject matter jurisdiction under 15 U.S.C.A. Section 1121, 28 U.S.C.A. Section 1331, and 28 U.S.C.A. Section 1367(a).

3. This court also has subject matter jurisdiction under 28 U.S.C.A. Section 1332(a), there being complete diversity of citizenship among the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $[*current jurisdictional amounts*].

4. Venue is proper under 28 U.S.C.A. Section 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and this is a District in which some of the harm to Plaintiffs was caused by Defendant in the State of Utah.

## NATURE OF THE ACTION

5. This case concerns an aggressive and systematic campaign engaged into and by Defendants to publicly ridicule, defame and otherwise disparage Plaintiffs and their good names, reputations, both personal and business.

## THE PARTIES

6. Plaintiff Filtagreen International, Inc. (hereinafter "Plaintiff Filtagreen"), is a corporation duly organized and existing under the laws of the State of Idaho, having its principal place of business in the State of Utah.

7. Plaintiff Denton E. Thiede (hereinafter "Plaintiff Thiede") is an individual who is a resident and citizen of the State of Utah. Plaintiff Thiede is the principal founder of Plaintiff Filtagreen.

8. Plaintiff Christopher M. Nemelka (hereinafter "Plaintiff Nemelka") is an individual who is a resident and citizen of the State of Utah. Plaintiff Nemelka is the CEO of Plaintiff Filtagreen.

9. Defendant Harry Dschaak (hereinafter "Defendant Dschaak"), on information and belief, is an individual who is a resident and citizen of the State of Idaho whose address is 2498 Dry Hollow Road, Rockland, Idaho 83271.

10. Defendant GoDaddy.com (hereinafter "Defendant GoDaddy"), on information and belief, is a corporation duly organized and existing under the laws of the State of Arizona, having its principal place of business in the State of Arizona.

11. Defendant Christine Marie Melonakos-Katas (hereinafter "Defendant Melonakos", on information and belief, is an individual who is a resident and citizen of the State of Nevada.

12. Defendant Kandice Melonakos, aka Lola Blanc (hereinafter "Defendant Blanc"), on information and belief, is an individual who is a resident and citizen of the State of California.

13. Defendants John Does 1 through 10 are unknown to Plaintiffs at this time but will be incorporated herein as information becomes known to Plaintiffs.

## CAUSES OF ACTION

### First Cause of Action
### Defamation (Libel)

14. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 of this Complaint as though set forth in full here.

15.     Beginning on or about January 22, 2011, Defendant Dschaak secured a website called www.chrisnemelka.com.  Defendant Dschaak secured this website through Defendant GoDaddy.  Defendant Dschaak, with the assistance of Defendant GoDaddy, then began making numerous statements, in the form of blogs, editorials, emails, snapchats, texts, postings, etc., generally available to the public on the website and via Twitter, Facebook, Google, among others, thus publishing and making available to an audience of thousands, if not millions of people, in the State of Utah and around the world, the false statements and misrepresentations regarding Plaintiffs.

16.     These false statements and misrepresentations are defamatory on their face as they refer to Plaintiff Nemelka as "cruel", a "predator" and a "cult" leader.  Additional statements allege that Plaintiff Nemelka has committed fraud on the public.  Some statements infer that Plaintiff Nemelka "promotes suicide" and is threatening.  Some statements also accuse Plaintiff Nemelka of having "mental problems" and being "mentally deranged."

17.     Defendants Dschaak and GoDaddy have also placed pictures of Plaintiff Nemelka on the face of woman's body and made other such pictures known and available to the public.

18.     Through Defendants' false and defamatory statements and pictures, and given the business association of Plaintiffs, Plaintiffs' personal and business reputations have been and substantially and irretrievably negatively impacted.

19.     Defendant Melonakos invented a malicious defamatory story about being involved with Plaintiff Nemelka.  Defendant Melonakos presented Plaintiff Nemelka as a

"prophet" and "predator" who deceived her, stole her money, forced her into prostitution and made other false and defamatory statements.  Defendant Melonakos has given various interviews over the years wherein she clearly refers to and alludes to Plaintiff Nemelka, albeit without using his real name.

20. In 2010, Defendant Melonakos purchased the website www.chrisnemelka.com to publish defamatory information about Plaintiff Nemelka.  She recruited others to help her dig up information, distort the information and present it on her website.  On this website, which she later sold to Defendant Dschaak, Defendant Melonakos makes the connection to Plaintiff Nemelka as being the "prophet," "cult-leader," "con-man," and predator mentioned by Defendant Melonakos throughout the years on social media.  Defendant Melonakos even contributed to a television documentary by RawTV and broadcast by A&E television channel's series called, "Dangerous Persuasions."

21. Defendant Blanc is the oldest daughter of Defendant Melanakos.  Defendant Blanc Better known by her stage name Lola Blanc, is an American singer, songwriter, actress, writer, and model.  She has been declared a "rising star" and "boudoir beauty" by Playboy, a "funky pop songstress" by Vibe.com, "one badass chick" by Refinery29, and "one to watch" by Ladygunn Magazine.  Blanc co-wrote Britney Spears' top 40 single "Ooh La La" in 2013 and reached number 3 as an artist on Billboard's Next Big Sound chart in 2014.  Blanc has appeared on such television shows as American Horror Story: Hotel.  She is also a contributing writer for Vice.com, having written about a number of topics including ageism in the music industry

and her experience with believing in a cult leader.   To promote herself and further her career, Defendant Blanc refers to Plaintiff Nemelka as "a polygamist con man-turned-cult leader."   On her official website, www.lola-blanc.com, Defendant Blanc states that, "[Nemelka] targeted [her] mother at a church dance.   And "with the help of others, [Nemelka] devised an elaborate scheme to convince her he was a true prophet.   Defendant Blanc also asserted that Plaintiff Nemelka "separated [Defendant Blanc] from her mother [Defendant Melanakos] and forced her mother into prostitution – until one of the men had a change of heart, saving her from a life of human trafficking."

22. Thus, as a direct and proximate result of Defendants' false and defamatory publications, Plaintiffs have been damaged and continued to be damaged in an amount to be proven at trial.   Plaintiff is entitled to recover these damages from Defendants.

23. Defendants engaged in the above-described wrongful actions knowingly, maliciously, and oppressively, with hatred and ill-will toward the Plaintiffs, intending to, or with reckless disregard for the truth, defame and injure Plaintiffs.   In any event, Plaintiff is entitled to exemplary and punitive damages as a result of Defendants' knowing and malicious conduct.

## Second Cause of Action
## Defamation *Per Se*

24. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 23 of this Complaint as though set forth in full here.

25. Defendants intentionally and with actual malice published the foregoing false statements of fact that falsely imputes the commission of a criminal acts, constitutes defamation

per se, under the applicable state and federal laws, and as such, the law presumes that Plaintiffs suffered general damages. Even without the benefit of that presumption, Plaintiffs did suffer pecuniary injury through the loss of sales and economic benefit, as well as, loss of income and damages for injury to reputation.

## Third Cause of Action
## Intentional or Reckless Interference with Economic Relations

26. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though set forth in full here.

27. Because of Plaintiff Nemelka's and Plaintiff Thiede's relationship with Plaintiff Filtagreen, any common and normal search of Filtagreen as a possible economic partner would result in Plaintiff Nemelka or Plaintiff Thiede's names being identified as a principal of Plaintiff Filtagreen. Accordingly, Defendants' false and defamatory statements about Plaintiff Nemelka or Plaintiff Thiede necessarily have a direct and immediate impact on Plaintiff Filtagreen, causing potential customers to be wary of or completely avoid doing business with Plaintiff Filtagreen. Thus, as a direct and proximate result of Defendants' defamatory statements, Plaintiff Filtagreen has suffered substantial economic harm in the form of lost contracts and sales.

28. Defendants intentionally or recklessly caused substantial and severe damage to Plaintiffs' business reputations causing them thousands if not millions of dollars in lost profits and other damages, in specific amounts to be proven at trial.

**Fourth Cause of Action**
**Intentional or Reckless Infliction of Emotional Distress**

29.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 of this Complaint as though set forth in full here.

30.     Defendants had a motive to inflict emotional injury on Plaintiff Nemelka and Plaintiff Thiede.

31.     Defendants acted wrongfully with the intent to cause Plaintiffs severe emotional distress, or so acted when Defendants knew, or should have known, that the conduct would cause or be likely to cause severe emotional distress to Plaintiffs.

32.     The conduct of Defendants as set forth above was intentional, malicious, extreme, and outrageous and done with intent to embarrass and harm the persons of the Plaintiff Nemelka and Plaintiff Thiede.  This conduct was done with reckless disregard to the consequences to the Plaintiffs.  The conduct was illegal, outrageous, and beyond all possible points of decency.

33.     As direct and proximate result of Defendants' actions, Plaintiff Nemelka and Plaintiff Thiede have suffered severe and substantial emotional distress leading to sleeplessness, anxiety, worry, and fear over their personal lives and relationships and for the continued viability of Plaintiff Filtagreen which has been their sole or primary source of income.  They have also suffered extreme humiliation and mental anguish.

34.     The above-mentioned acts of Defendants were willful, wanton, despicable, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

### Fifth Cause of Action
### Request for Injunction

35. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 34 of this Complaint as though set forth in full here.

36. To assure that Defendants cease and desist misuse of the Internet and other social media, Plaintiff requests a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees, and all such persons acting under, in concert with, or for them from continuing to post to the Internet statements concerning the Plaintiffs.

37. Plaintiff will suffer irreparable injury unless the relief requested above is granted.

38. Plaintiffs' remedy at law is inadequate.   While damages will compensate Plaintiff for the harm that has already occurred, it is necessary for the court to take immediate injunctive action to terminate the potential for harm.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in Plaintiffs' favor and against Defendants that:

1. Defendants be adjudged to have defamed Plaintiffs by publishing the aforementioned statements and pictures.

2. Defendants, its agents, servants, employees and attorneys, and all those persons in active concert or participation with it, be immediately and preliminarily and thereafter permanently enjoined from engaging in further unlawful acts and false publications, cease any

further distributing of statements over the internet or other social media, and deliver or destroy all materials bearing any of the deceptive words, terms, names, symbols, descriptions.

3. Plaintiffs also request that Defendants be ordered to immediately transfer to Plaintiffs all rights in and to the website [www.chrisnemelka.com](www.chrisnemelka.com).

4. Defendants be required to remove any reference to Plaintiff from any and all websites it maintains or controls, and make no further representations or references regarding Plaintiffs or represent that any of such are depictions of Plaintiffs.

5. General damages be awarded in an amount as shall be found to have been caused by Defendants' unlawful conduct, or in the minimum amount provided under the applicable statute, but in any event exceeding, but in any event exceeding one-million dollars ($1,000,000.00).

6. Such damages and profits be trebled and awarded to Plaintiff pursuant to 15 U.S.C.A. Section 117.

7. Punitive damages be awarded against Defendants in the sum of ten million dollars (10,000,000.00) or other amount sufficient to punish Defendants and to deter Defendants and others from engaging in similar wrongdoing.

8. Special damages for pecuniary loss in an amount to be proven at trial.

9. Plaintiff be awarded costs and attorney fees in prosecuting this action.

10.     Plaintiff be granted such other relief as the court may find just and proper.

DATED this 19th day of July, 2016.

                                           \s\ Joseph Lee Nemelka
                                           Attorney for Plaintiffs