Andrew G. Deiss (USB 7184)
Diana F. Bradley (USB 14603)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
adeiss@deisslaw.com
dbradley@deisslaw.com

*Attorneys for Defendant Harry Dschaak*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FILTAGREEN INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HARRY DSCHAAK, *et al.* <br><br> Defendants. | **DEFENDANT CHRISTINE MARIE MELONAKOS-KATAS' MOTION TO DISMISS** <br><br> Case No. 2:16-cv-00790-DBP <br> Magistrate Judge Dustin B. Pead <br><br> ORAL ARGUMENT REQUESTED |

Christine Marie Melonakos-Katas ("Defendant Christine Marie"), by and through undersigned counsel of record, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss all claims alleged against her in the Complaint filed by Plaintiffs Filtagreen International, Inc. ("Plaintiff Filtagreen"), Denton E. Thiede ("Plaintiff Thiede"), and Christopher Nemelka ("Plaintiff Nemelka") (collectively, "Plaintiffs").

## INTRODUCTION

According to the Amended Complaint [doc. 3], Defendant Christine Marie defamed Plaintiff Nemelka by portraying him as a "prophet" and "predator" who deceived her, stole her money, and forced her into prostitution, among other things. *Id.* ¶ 19. The Plaintiffs allege that in 2010, Defendant Christine Marie purchased the website www.chrisnemelka.com to publish defamatory information about Plaintiff Nemelka. *Id.* ¶ 20. She allegedly recruited others to help her dig up information, distort the information and present it on her website. *Id.* On this website, Defendant Christine Marie allegedly made the connection to Plaintiff Nemelka as being the "prophet," "cult-leader," "con-man," and predator mentioned by Defendant Christine Marie throughout the years on social media. *Id.*

Plaintiffs allege that Defendant Christine Marie's statements are false, *id.* ¶ 19, and are bringing five causes of action: defamation, defamation *per se*, intentional or reckless interference with economic relations, intentional or reckless infliction of emotional distress, and request for an injunction. Bizarrely, the Amended Complaint also seems to imply that a claim is being made under trademark law. *Id.* ¶ 1; ¶ 2; p. 10, ¶ 6. Yet, no cause of action for a trademark violation is presented, nor are any facts that would support such a claim.

There is no complete diversity among the parties and no federal questions are raised in the Amended Complaint. Therefore, Defendant Christine Marie moves to dismiss the claims against her on the grounds that this Court lacks subject matter jurisdiction.

## ARGUMENT

I.  **This Court Does Not Have Diversity Jurisdiction Over This Case**

Plaintiffs claim that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which establishes subject matter jurisdiction for federal courts when there is diversity of citizenship among the parties.  Am. Compl. ¶ 3.  "In *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), [the United States Supreme Court] held that the diversity of citizenship statute required 'complete diversity': where co-citizens appeared on both sides of a dispute, jurisdiction was lost." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-531 (1967).  Moreover, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Here, the Amended Complaint alleges that Plaintiff Filtagreen "is a corporation duly organized and existing under the laws of the State of Idaho, having its principal place of business in the State of Utah."  Am. Compl. ¶ 6.  Thus, Plaintiff Filtagreen is a citizen of Idaho and Utah.  The Amended Complaint also alleges that Defendant Harry Dschaak is a resident and citizen of Idaho.  Am. Compl. ¶ 9.  Because one of the Plaintiffs and one of the Defendants are co-citizens of Idaho, complete diversity does not exist.  Thus, this Court does not have diversity subject matter jurisdiction over this case.

**II.    This Court Does Not Have Federal Question Jurisdiction Over This Case**

Plaintiffs also claim that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which establishes federal jurisdiction for federal questions, or any claim "arising under the Constitution, laws, or treaties of the United States."  Yet, there are no federal questions raised in the Amended Complaint.  There are five causes of action set forth in the Amended Complaint: defamation, defamation *per se*, intentional or reckless interference with economic relations,

intentional or reckless infliction of emotional distress, and request for an injunction. None of those five causes of action arise under federal law.

There are various references in the Amended Complaint that seem to suggest that the Plaintiffs are asserting a federal trademark claim. For instance, they cite to a federal trademark statute, 15 U.S.C.A. Section 1125(a), in ¶ 1 of the Amended Complaint. They assert subject matter jurisdiction under a federal trademark statute, 15 U.S.C.A. Section 1121, in ¶ 2 of the Amended Complaint. They claim treble damages under a federal trademark statute, 15 U.S.C.A. Section 1117 (mistakenly written as Section 117), on page 10, ¶ 6 of the Amended Complaint. Yet, there are no facts alleged anywhere in the Amended Complaint that would support a trademark claim, and none of the five causes of action asserted are related to trademark law or the federal trademark statutes that are cited. Thus, to the extent the Plaintiffs are attempting to assert a federal trademark claim, they have failed to do so in a manner that is sufficient to give rise to federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant Christine Marie respectfully requests that this Court find that it lacks subject matter jurisdiction to hear this case, and further requests that this Court dismiss the claims asserted against her in their entirety.

RESPECTFULLY SUBMITTED this 31st day of August, 2016.

DEISS LAW PC

/s/ Andrew G. Deiss
Andrew G. Deiss
*Counsel for Defendant Harry Dschaak*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2016, I caused a true and correct copy of the foregoing **MOTION TO DISMISS** to be served by e-file notification to the following:

*Attorney for Plaintiffs Filtagreen International, Inc., Denton E. Thiede, and Christopher M. Nemelka*

Joseph Lee Nemelka
joenemelka@comcast.net
JOSEPH LEE NEMELKA, P.C.
6806 South 1300 East
Salt Lake City, Utah 84121
Telephone (801) 568-9191

                                                              DEISS LAW PC

                                                              /s/ Andrew G. Deiss
                                                              Andrew G. Deiss
                                                              *Counsel for Defendant Harry Dschaak*